**Wayne Blyth HEALY, Petitioner,**

v.

**Luis SPENCER, et al, Respondents.**

**No. CIV.A.03–30031–MAP.**

United States District Court,
D. Massachusetts.

Dec. 28, 2005.

David M. Lieber, Assistant Attorney General, Criminal Bureau, Boston, for Luis Spencer, Thomas F. Reilly, Respondents.

Maura D. McLaughlin, Office of the Attorney General, Boston, for Luis Spencer, Respondent.

Natalie S Monroe, Attorney General's Office, Boston, for Luis Spencer, Thomas F. Reilly, Respondents.

Wendy Sibbison, Greenfield, for Wayne Blyth Healy, Petitioner.

### *ORDER FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)*

PONSOR, District Judge.

In this petition for *habeas corpus*, Petitioner has sought relief on three grounds:

violation of the Supreme Court's *Brady* decision, jury taint, and insufficiency of the evidence. On November 8, 2005, the court set forth its reasons at length for concluding that the *Brady* violation justified *habeas* relief. At the same time, the court indicated that it would deny relief on Petitioner's sufficiency of the evidence argument. On the second ground for relief, jury taint, the court granted Petitioner an evidentiary hearing.

Despite finding that Petitioner was entitled to relief with regard to the *Brady* violation, the court declined to enter judgment pending completion of evidentiary proceedings on the jury taint issue. This reluctance was based upon the salutary policy of avoiding entry of partial judgments and potential piecemeal appeals.

Upon further consideration, this court has concluded that this case presents one of the rare instances where an order entering judgment on fewer than all the claims is appropriate, for the following reasons.

First, the issues related to the *Brady* claim are discrete. In the unlikely event of a second appeal related to the jury issue, little or no duplication of effort would ensue.

Second, entry of judgment on the *Brady* claim would allow Petitioner access to consideration of release pending review pursuant to the provisions of Fed. R.App. P. 23(c). As the memorandum issued this day setting conditions for Petitioner's release amply demonstrates, the arguments favoring release of Petitioner under Rule 23(c) are powerful, and Respondent's countervailing arguments are markedly weak. It would be inequitable to deny freedom to an individual who would otherwise be released based upon a general policy disfavoring entry of partial judgment. The injustice would be especially intolerable in a situation where entry of partial judgment would work no prejudice to any party or to the court.

Under these circumstances, the court hereby finds that there is no just reason for delay, and compelling reasons for immediate action and hereby orders the Clerk to enter judgment in favor of Petitioner on Ground One of his Petition for Habeas Relief. *See, Willhauck v. Halpin,* 953 F.2d 689 701 (1st Cir.1991) and *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 42–44 (1st Cir.1988).

Based upon the foregoing, the Commonwealth is ordered to recommence criminal proceedings against Petitioner on or before March 1, 2006, or release him by that date.

It is So Ordered.